LAW OFFICE OF RICHARD W. SNYDER
RICHARD W. SNYDER, ESQ., State Bar # 183570
131 N. Tustin Ave., Suite 200
Tustin, CA 92780
(714) 505-7585

Attorney for Movant
DANIEL'S JEWELERS



**FILED & ENTERED**

**JUN 12 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FRANCISCO URIAS<br>NIMIA URIAS<br><br>            Debtor(s), | Case No.: 2:18-12562-RK<br><br>CHAPTER  7<br><br>ORDER DENYING RENEWED MOTION OF CREDITOR FOR ORDER AUTHORIZING DEBTOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER BANKRUPTCY RULE 2004<br><br><s>Date: 06/29/2018</s><br><s>Time: 12:30PM</s><br><s>Place: 131 N TUSTIN AVE SUITE 200 TUSTIN CA 92780</s> |

TO CREDITOR DANIEL'S JEWELERS AND ITS COUNSEL OF RECORD, RICHARD W. SNYDER, AND DEBTORS FRANCISCO URIAS AND NIMIA URIAS, AND THEIR COUNSEL OF RECORD, TRISTAN L. BROWN:

   Pending before the court is the renewed motion of Creditor Daniel's Jewelers to examine Debtors under Federal Rule of Bankruptcy Procedure at the office of counsel for Creditor at 131 N. Tustin Ave., Suite 200, Tustin, CA 92780, on 06/29/2018 at 12:30PM.

   The court denied a prior Rule 2004 examination on grounds that counsel for

DANIEL'S JEWELERS failed to comply with Local Bankruptcy Rule 2004-1 requiring a good faith attempt for a prefiling conference with counsel for Debtors to confer in person or telephonically to arrange for a mutually agreeable date, time and place and scope of such examination because counsel only provided notes of a legal assistant regarding alleged telephone calls to counsel for Debtors to schedule such a meeting.  This time, counsel for Creditor caused a letter to be faxed to counsel for Debtors requesting him to contact counsel for Creditor's office within 4 days to set up a prefiling conference as suggested in the court's order denying the first motion.  Although this attempt is better than the prior attempt, the court finds it inadequate and not in good faith because: (1) the 4-day response period is inadequate; and (2) just faxing the letter is insufficient service, and it should be mailed as well.  The letter apparently justifies the short 4-day response period on grounds that "time is of the essence."  The court disagrees that "time is of the essence" to justify a short 4-day response period.

In order to show a good faith attempt to arrange for a prefiling conference under Local Bankruptcy Rule 2004, this court will require Creditor to: (1) send a letter to counsel for Debtor requesting a prefiling conference, which must be by mail as the primary means of delivery and fax and/or email as secondary means of delivery; (2) because mail is the primary means of delivery, the response time should be at least seven calendar days before the motion may be filed; (3) once the letter is mailed, counsel for Creditor must attempt to contact counsel for Debtor by telephone at least twice to follow-up on the letter two or three days the motion after mailing, faxing and/or emailing the letter; and (4) the service attempts by mailing, faxing and/or emailing the letter, and the follow-up telephone calls must be documented in a narrative declaration

under penalty of perjury by someone with personal knowledge of these service attempts describing the dates and times of the service attempts and telephone calls, including the persons who served the letter and made the telephone calls. In the court's view, the preferred practice should be to send out the letter requesting the prefiling conference and setting a reasonable date and time of a prefiling conference under Local Bankruptcy Rule 2004-1 at least fourteen days in advance, which is served in the manner described herein, and then file the motion if counsel for Debtors fails to respond to these service attempts. The court feels that it has to explicitly state what should be done to comply with Local Bankruptcy Rule 2004-1 because the court has the distinct impression that counsel for Creditor just wants to do the minimum to meet the letter of Local Bankruptcy Rule 2004-1 requiring a good faith attempt to arrange for a prefiling conference rather than the spirit of the rule requiring a meaningful good faith effort to comply with the rule.

    Creditor's motion for Rule 2004 examination of Debtors is denied again without prejudice. Debtors are not required to appear for a Rule 2004 examination before counsel for Daniel's Jewelers as noticed in the motion. Counsel for Daniel's Jewelers may not examine Debtors until he complies with the terms of this order.

    IT IS SO ORDERED.        ###

Date: June 12, 2018

_____
Robert Kwan
United States Bankruptcy Judge